

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2005

# Hrobak v. ABC Coal Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hrobak v. ABC Coal Co" (2005). *2005 Decisions.* Paper 952.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/952

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3185

JOSEPH G. HROBAK,

Petitioner

v.

ABC COAL COMPANY; LACKAWANNA CASUALTY COMPANY;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents

On Petition for Review of a Decision and Order
of the Benefits Review Board
(D.C. No. 0090-1: 03-0660 BLA)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2005

BEFORE: FUENTES, GREENBERG and COWEN, Circuit Judges

(Filed June 28, 2005)

OPINION

COWEN, Circuit Judge.

Joseph G. Hrobak, a former miner, petitions for review of the United States Department of Labor Benefits Review Board's (the "Board") order affirming the Administrative Law Judge's (the "ALJ") decision to deny benefits on his claim filed pursuant to the federal black lung program, first enacted as Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* (the "Act"). Hrobak contends that the ALJ erred in not affording his treating physician's opinion controlling weight. He further asserts that the ALJ improperly substituted his own medical judgment for that of Hrobak's treating physician and another physician who supported his claim of pneumoconiosis. We have jurisdiction pursuant to section 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c), as incorporated by section 422(a) of the Act, 30 U.S.C. § 932(a). Because we conclude that the Board's order was supported by substantial evidence and was in accordance with the law, we will deny the petition.

As we write solely for the parties, we only provide a brief recitation of the facts. Hrobak first saw Charles J. Aquilina, M.D. in February 1983. In July 1998 when Hrobak became ill he remained under the care of Dr. Aquilina. Throughout the remainder of 1998 and 1999 Hrobak consulted with Dr. Aquilina for various medical problems. In 1999 and 2000, after undergoing numerous tests, Hrobak was diagnosed with chronic obstructive pulmonary disease ("COPD") and antracosilicosis. Dr. Gacad, whom Hrobak

2

consulted for a second opinion, agreed that he could have coal worker related COPD, but indicated that he does not have coal worker pneuemoconiosis based on his chest x-ray. Hobrak then saw Dr. Levinson at the request of counsel, who opined that Hrobak does not suffer from pneuemoconiosis.

Hrobak filed claims for benefits under the Act in 1983 and 1986, which were denied. In June 1997, Hrobak filed the instant claim for benefits which was also denied after the ALJ concluded that pneumoconiosis had not been established. After a hearing before the Office of Administrative Law Judges, his claim was again denied. On appeal, the Board partially affirmed and partially reversed the ALJ's decision and remanded the matter back for a determination of whether Dr. Aquilina qualified as Hrobak's treating physician and the weight to be afforded to his opinion. On remand, the ALJ found that although Dr. Aquilina qualified as Hrobak's treating physician, the evidence was insufficient to establish the existence of pneumocosniosis. The Board affirmed the ALJ's order denying benefits and this appeal ensued.

We review the Board's decision for conformance with applicable law and adherence to its statutory scope of review. *See Nelson v. American Dredging Co.,* 143 F.3d 789, 792 (3d Cir. 1998). We review the factual findings for substantial evidence by conducting an independent review of the record. *See id.* at 793. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

3

In order to establish eligibility for benefits, a claimant must establish that he suffers from pneumoconiosis, that it arose out of coal mine employment, and that he is totally disabled as a result. *See Beatty v. Danri Corp. and Triangle Enters.*, 49 F.3d 993, 997 (3d Cir. 1995). Here, the Board affirmed the ALJ's decision denying Hrobak's claim because he failed to establish that he suffered from pneumoconiosis. Although the ALJ found that Dr. Aquilina was Hrobak's treating physician, he ultimately concluded that the medical opinion evidence was insufficient to support his diagnosis of pneuemoconiosis. Particularly, the ALJ accorded greater weight to the opinion of Dr. Levinson, who found no pneumoconiosis, because it was more well reasoned and better documented. Further, the ALJ found that as a board-certified internist and pulmonologist, Dr. Levinson was better qualified to render an opinion than Dr. Aquilina, who was a board-certified anesthesiologist.

On appeal, Hrobak contends that under the treating physician rule, the ALJ is required to give controlling weight to the judgment of his treating physician, Dr. Aquilina. Recognizing the limitation of the rule, Hrobak maintains that Dr. Aquilina's opinion was supported by his records and diagnostic testing and was not impeached by substantial evidence. He asserts that the ALJ avoided application of the rule by merely accepting the medical records to determine whether there was a doctor-patient relationship, rather than for the contents of the records. Finally, he maintains that the ALJ

4

improperly discredited the opinion of Dr. Gacad, which was based on objective testing results.

We recognize that under the Act, the ALJ is required to give "consideration to the relationship between the miner and any treating physician whose report is admitted into the record." 20 C.F.R. § 718.104(d). Further, in "appropriate cases, the relationship between the miner and his treating physician may constitute substantial evidence in support of the [ALJ's] decision to give that physician's opinion controlling weight." 20 C.F.R. § 718.104(d)(5). However, the Act also provides that "the weight given to the opinion of the miner's treating physician shall also be based on the credibility of the physician's opinion in light of its reasoning and documentation, other relevant evidence and the record as a whole." 20 C.F.R. § 718.104(d)(5).

The ALJ in this case applied the correct standard for considering the treating physician's opinion before according greater weight to the countervailing evidence. After examining the record, it is clear that the ALJ re-weighed the medical opinions, as ordered by the Board. Contrary to Hrobak's assertions, the opinion of Dr. Aquilina was contradicted by substantial evidence in the record. As the Board explained:

> In weighing the medical opinions, the [ALJ] accorded greater weight to the opinion of Dr. Levinson, who found no pneumoconiosis, as he found it to be better reasoned and documented than the opinion of Dr. Aquilina. The [ALJ] placed substantial weight on Dr. Levinson's opinion because he relied, in part, on the reversibility exhibited on claimant's August 24, 2000 pulmonary function study to find that claimant did not have pneumoconiosis. The [ALJ] further found significant the fact

5

that Dr. Aquilina agreed with Dr. Levinson that this was a clinical sign contradicting the presence of pneumoconiosis. In addition, the [ALJ] accorded greater weight to the opinion of Dr. Levinson because as a board-certified internist and pulmonologist, he was better-qualified than Dr. Aquilina, who was a board-certified anesthesiologist.

(App. at 6a.)

The ALJ was permitted, and actually required, to consider the treating physician's diagnosis in light of the record as a whole. The cases cited by Hrobak are not to the contrary. As example, in *Jones v. Sullivan*, this Court had held that "in light of [the] conflicting and internally contradictory evidence, the ALJ correctly determined that the opinions of Jones's treating physicians were not controlling." 954 F.2d 125, 129 (3d Cir. 1991). Because there was substantial evidence to support the ALJ's decision to afford less weight to Dr. Aquilina's opinion than Dr. Levinson's testimony, we will affirm on this ground.

We also disagree with Hrobak's alternative argument that there was no logical reason for discrediting Dr. Gacad's opinion. The ALJ offered an adequate reason for diminishing the weight of Dr. Gacad's testimony—he found that the "opinion was unclear and contradictory." (App. at 15a.) The ALJ pointed out the inconsistencies in the doctor's own diagnoses. The statements are contradictory, he explained, "in that prior to his 2001 report the most [Dr. Gacad] said was the Claimant 'could have' COPD that was related to

6

his coal mine employment (i.e. pneumoconiosis as defined by the regulations), while in his 2001 report he said that his diagnosis 'was still' pneumoconiosis." (App. at 39a.)  Accordingly, Dr. Gacad never clearly stated that Hrobak has pneumoconiosis.  In fact, Dr. Gacad opined in May 2000 that Hrobak "does not have coal worker pneumoconiosis because he does not have the chest x-ray criteria that would fit this diagnosis." (App. at 183a.)  Further, in his 2001 report Dr. Gacad recommended an additional diagnostic test to help establish pneumoconiosis in light of a negative X-ray.  (App. at 39a.)  We agree with the Board that the ALJ reasonably accorded diminished weight to Dr. Gacad's opinions based on his inherently inconsistent positions.

Accordingly, we conclude that the Board's order affirming the denial of benefits was supported by substantial evidence, including the competent opinion of an examining pulmonologist , and was in accordance with the law.

For the foregoing reasons, the petition for review will be denied.